# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In Re: | ) | **JUDGE RICHARD L. SPEER** |
| Donald J. Eckman | ) | |
| | ) | Case No. 10-3136 |
| Debtor(s) | ) | |
| | ) | (Related Case: 09-38256) |
| Patti Baumgartner-Novak, Trustee | ) | |
| Plaintiff(s) | ) | |
| v. | ) | |
| Richard Eckman, et al. | ) | |
| Defendant(s) | ) | |

## DECISION AND ORDER

This cause comes before the Court on the Motion of the Plaintiff/Trustee, Patti Baumgartner-Novak, for Summary Judgment. (Doc. No. 17). Said motion is brought on the Trustee's complaint to avoid, as a preferential transfer, prepetition payments made by the Debtor to the Defendants as repayment for a loan. (Doc. No. 1). Against the Trustee's Motion for Summary Judgment, the Defendants filed a Response, objecting to the relief sought by the Trustee. (Doc No. 22). In support of their respective positions, each of the Parties submitted written arguments. The Court has now had the opportunity to review all of the arguments of counsel and exhibits, as well as the entire record of the case. Based upon that review, and for the following reasons, the Court finds that the Trustee's Motion for Summary Judgment should be Granted.

Patti Baumgartner-Novak, Trustee v. Richard Eckman, et al.
Case No. 10-3136

## FACTS

On November 30, 2009, the Debtor, Donald Eckman, filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. The Defendants, Richard and Mary Eckman, are the parents of the Debtor. Between November of 2008 and the date the Debtor commenced his bankruptcy case, the Debtor made 12 payments to the Defendants, totaling $2,400.00. These transfers were made to repay a prepetition loan made by the Defendants to the Debtor. The term of this loan was two years and had been used by the Debtor for the purpose of obtaining home furnishings.

## DISCUSSION

Before this Court is the Trustee's Complaint to avoid, as preferential transfers, 12 prepetition payments made by the Debtor to the Defendants. A matter such as this to determine, avoid, or recover a preferential transfer is deemed to be core proceedings pursuant to 28 U.S.C. § 157(b)(2)(F). Accordingly, as a core proceeding, this Court is conferred with jurisdiction to enter final orders and judgments in this matter. 28 U.S.C. § 157(b)(1).

Procedurally, the determination of the Trustee's action to avoid the prepetition transfers made by the Debtor to the Defendants is before this Court on the Trustee's Motion for Summary Judgment. Federal Rule of Civil Procedure 56(c), which is made applicable to this proceeding by Bankruptcy Rule 7056, sets forth the standard for a summary judgment motion and provides, in part: A party will prevail on a motion for summary judgment when "[t]he pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). With respect to this standard, the movant must demonstrate all the elements of his cause of action. *R.E. Cruise Inc. v. Bruggeman*, 508 F.2d 415, 416 (6th Cir. 1975). In making this determination, the

Page 2

Patti Baumgartner-Novak, Trustee v. Richard Eckman, et al.
Case No. 10-3136

Court is directed to view all the facts in a light most favorable to the party opposing the motion. *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 586-88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

A preferential transfer occurs when a debtor favors one creditor over another by paying that creditor to the detriment of other creditors. Preferences are treated with disfavor in bankruptcy because they contradict the fundamental bankruptcy policy of ensuring the equitable distribution of a debtor's nonexempt assets among similarly situated creditors. *In re Wheeling Pittsburgh Steel*, 360 B.R. 649, 651 (Bankr. N.D.Ohio 2006). To this end, bankruptcy law provides for the avoidance of prepetition transfers that qualify as preferential under § 547.

The Bankruptcy Code defines an avoidable preferential transfer according to five elements. These elements, which are set forth in § 547(b), provide that a trustee may avoid a prepetition transfer of property if it (1) benefits a creditor, (2) is on account of antecedent debt, (3) is made while the debtor was insolvent, (4) occurs within 90 days prior to the debtor's bankruptcy, or within one year if the transfer is made to an insider, and (5) enables the creditor to receive a larger share of the estate than if the transfer had not been made. The party moving for the avoidability of a prepetition transfer under § 547 bears the burden to establish that each of these elements is met. 11 U.S.C. § 547(g).

For purposes of the Trustee's Motion for Summary Judgment, the Defendants did not challenge the Trustee's position that the 12 transfers made by the Debtor to the Defendants satisfy each of the five elements set forth in § 547(b). For example, the Defendants acknowledge that, as parents of the Debtor, they are insiders for purposes of § 547(b), thereby extending the preferential transfer window from 90 days to one year. Rather, in opposition to the Trustee's Motion for Summary Judgment, the Defendants cite to the ordinary course defense set forth in § 547(c)(2).

Page 3

Patti Baumgartner-Novak, Trustee v. Richard Eckman, et al.
Case No. 10-3136

Section 547(c)(2) provides:

(c) The trustee may not avoid under this section a transfer–

(2) to the extent that such transfer was in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee, and such transfer was–

(A) made in the ordinary course of business or financial affairs of the debtor and the transferee; or

(B) made according to ordinary business terms;

The purpose of this provision "is to leave undisturbed normal financial relations, because it does not detract from the general policy of the preference section to discourage unusual action by either the debtor or his creditors during the debtor's slide into bankruptcy." *Luper v. Columbia Gas of Ohio, Inc. (In re Carled, Inc.)*, 91 F.3d 811, 815 (6th Cir.1996), *citing* S.Rep. No. 989, 95th Cong., 2nd Sess. 88, reprinted in 1978 U.S.C.C.A.N. 5787, 5874.

The party asserting a defense to a preferential transfer based upon the ordinary course defense set forth in § 547(c)(2) carries the burden to prove the nonavoidability of the transfer. 11 U.S.C. § 547(g). For their burden, that the 12 payments made by the Debtor qualify as ordinary course transactions, the Defendants raised two points. First, the Defendants set forth that "[p]ayments on long term debt may qualify for the ordinary course of business exception." (Doc. No. 22, at pg. 2-3). Second, the Defendants, countering an argument made by the Trustee, put forth that "the ordinary course of business exception does apply to individuals and their creditors including family members." *Id.* at pg. 3.

As purely statements of law, the two points raised by the Defendants are correct. On the first point, the United States Supreme Court stated in the case of *Union Bank v. Wolas* that "we hold that payments on long-term debt, as well as payments on short-term debt, may qualify for the ordinary

Page 4

Patti Baumgartner-Novak, Trustee v. Richard Eckman, et al.
Case No. 10-3136

course of business exception to the trustee's power to avoid preferential transfers." 502 U.S. 151, 162, 112 S.Ct. 527, 533 (1991). A close reading of § 547(c)(2) also shows that, in conformity with the Defendants' second point, its scope extends to individual consumers involved in nonbusiness transactions. Specifically, § 547(c)(2) provides that it applies to "business *or financial affairs* of the debtor and the transferee . . . ." (emphasis added). For this purpose, it has often been recognized that, as applied to § 547(c)(2), the statute's use of the phrase "financial affairs" was meant to extend to consumer transactions so as "to include such nonbusiness activities as payment of monthly utility bills."[1]

However, simply because the two points raised by the Defendants are correct statements of law – that long term consumer debts may qualify for the ordinary course defense of § 547(c)(2) – does not automatically shield the 12 prepetition transfers made by the Debtor to the Defendant from avoidance by the Trustee.

To benefit from § 547(c)(2), the introductory language of the statute requires the defendant to show that the underlying debt was incurred in the ordinary course of the business or financial affairs of both the debtor and the transferee. This requirement does not look to the actual transfers, but instead looks to when the debt was created and then whether the debt was created in the ordinary course. In making this assessment, the Sixth Circuit Court of Appeals held that whether a debt is incurred in the ordinary course is a "peculiarly factual" analysis, not capable of being subjected to a "precise legal test." *In re Fulghum Const. Corp.*, 872 F.2d 739, 743 (6th Cir.1989), *citing In re First Software Corp.*, 81 B.R. 211, 213 (Bankr. D.Mass.1988). As a general matter, however, an ordinary course defense under § 547(c)(2) will entail a showing that the transfer was routine and not

---

1

*See, e.g., In re Winn*, 127 B.R. 697, 700 (Bankr. N.D.Fla.1991), *citing* H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 373 (1977); S.Rep. No. 95-989, 95th Cong., 2nd Sess. 88 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5785, 5874, 6329.

Page 5

Patti Baumgartner-Novak, Trustee v. Richard Eckman, et al.
Case No. 10-3136

atypical, fraudulent, or inconsistent with an arms-length commercial transaction. *Speco Corporation v. Canton Drop Forge, Inc. (In re Speco Corporation)*, 218 B.R. 390, 398 (Bankr. S.D.Ohio 1998).

In this matter, there is no claim by the Defendants that they regularly lent money to the Debtor. Nor is their any indication that the creation of the obligation between the Debtor and the Defendants constituted the continuation of a normal pattern of dealing between them. To the contrary, the purpose of the loan to the Debtor, to purchase household furnishings, is not indicative of the type of transaction that would occur often, with it being atypical that a person would make significant household purchases with any regularity.

In addition, the existence of a familial relationship between the Debtor and the Defendants, while not constituting an absolute fatal flaw, does not easily lend itself to an ordinary course defense. In this type of situation, a defendant seeking to raise an ordinary course defense, where a family member is involved, needs to offer some proof. As explained in a decision recently rendered by another bankruptcy court:

> Without something more, the mere existence of a family relationship will not establish an ordinary course. Quite to the contrary, family relationships may even suggest motivations for a loan outside the ordinary course of the lender's financial affairs. In the present instance, therefore, [debtor's] status as a sibling cannot absolve, but will reinforce the need for proof of the lender's ordinary course of financial activity. Having offered no such evidence, the defendant fails in this further respect to carry his burden of proof.

*Schlant, v. Bartolucci (In re Gawronski)*, 411 B.R. 139, 142 (Bankr. W.D.N.Y. 2009).

Where, as here, a movant has presented a well-supported motion for summary judgment, and the nonmovant bear the burden of proof at trial, the entry of summary judgment in favor of the moving party can only be avoided by the nonmoving party presenting affirmative evidence on critical

Page 6

Patti Baumgartner-Novak, Trustee v. Richard Eckman, et al.
Case No. 10-3136

issues sufficient to allow the finder-of-fact to return a verdict in its favor. *Guarino v. Brookfield Tp. Trustees*, 980 F.2d 399, 403 (6th Cir. 1992). The Defendants have presented no such evidence. Pursuant, therefore, to her Motion for Summary Judgment, the Trustee is entitled to avoid the 12 prepetition payments, totaling $2,400.00, made by the Debtor to the Defendants.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Motion for Summary Judgment filed by the Plaintiff/Trustee, Patti Baumgartner-Novak, be, and is hereby, GRANTED.

**IT IS FURTHER ORDERED** that the Defendants, Richard and Mary Eckman, are hereby directed to surrender and deliver to the Trustee property of the estate in the sum of $2,400.00.

Dated: December 23, 2010

Richard L. Speer
United States
Bankruptcy Judge

Page 7

# CERTIFICATE OF SERVICE

Copies were mailed this 23rd day of December 2010 to:

Patti Baumgartner-Novak
3015 Navarre Ave.
#203
Oregon, OH 43616

Mary Eckman
1472 Prouty
Toledo, OH 43609

Patricia A Kovacs
500 Madison Ave #525
Toledo, OH 43604

Richard Eckman
1472 Prouty
Toledo, OH 43609

                                            /s/Jennifer S Huff
                                       Deputy Clerk, U.S. Bankruptcy Court